MORGAN, LEWIS & BOCKIUS LLP
Barbara J. Miller, Bar No. 167223
Samuel S. Sadeghi, Bar No. 311785
Kevin J. Bohm, Bar No. 329569
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel:   +1.714.830.0600
Fax:  +1.714.830.0700
barbara.miller@morganlewis.com
sam.sadeghi@morganlewis.com
kevin.bohm@morganlewis.com

Attorneys for Defendant
COMPUCOM SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CALIFORNIA LABOR AND WORKFORCE DEVELOPMENT AGENCY, a California governmental agency, *ex rel.* WILLIAM DEAN RAYMOND; and WILLIAM DEAN RAYMOND, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COMPUCOM SYSTEMS, INC., a corporation; and DOES 1-15, inclusive,<br><br>Defendants. | Case No. 2:21-cv-02327-KJM-KJN<br><br>Hon. Kimberly J. Mueller<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S CLAIMS AND DISMISS CLASS CLAIMS**<br><br>Date:  March, 4 2022<br>Time:  10:00 AM<br>Courtroom 3<br><br>Action Filed:    October 19, 2021 |

Case No. 2:21-cv-02327-KJM-KJN

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF

I.    **<u>INTRODUCTION</u>**

Plaintiff's Opposition fails to rebut controlling authority establishing that an arbitration agreement (1) is enforceable even if an employee did not read or sign it, and (2) can be unilaterally implemented by an employer as a condition of continued employment.  As established by clear appellate authority, the fact that a person does not recall reading an agreement cannot negate an agreement's existence.  Beyond the mere assertion of lack of memory, Plaintiff does not contend that the Agreement is procedurally or substantively unconscionable.  Instead, Plaintiff seeks to evade his obligation to arbitrate by relying on irrelevant legal authority, making strained arguments regarding the manifestation of assent and the statute of frauds, and submitting a questionable declaration that he hopes will cast doubt on his agreement to arbitrate.  These challenges should be rejected.

The evidence before the Court establishes that Plaintiff received Defendant's Arbitration Agreement in several ways.  Plaintiff received the Agreement by U.S. Mail to his home, in emails to his work email account, and on Defendant's intranet portal.  Three different forms of communications provided Plaintiff with the Agreement, which placed him on notice that his continued employment constituted acceptance of the terms of the Agreement.  Under California law, an employee is bound by an arbitration agreement, even if he did not read it or understand all its terms.  Thus, even if Plaintiff did not thoroughly read the Agreement, or remember doing so as he claims, he is still bound by its terms despite his unsupported arguments to the contrary.

Moreover, Plaintiff's argument that he cannot be bound by the Arbitration Agreement because he never signed it ignores controlling authority that an employee may accept an arbitration agreement by remaining employed where, as here, continued employment constitutes acceptance of the agreement.  Because Plaintiff had notice that CompuCom implemented an arbitration agreement as a condition of continued employment, chose to remain employed after it was implemented, and assented to its terms, he must arbitrate his claims on an individual basis.

Plaintiff also claims that the Arbitration Agreement is unenforceable because it is unsigned and purportedly does not satisfy the statute of frauds.  Plaintiff offers a slew of irrelevant authority but fails to rebut the controlling authority that an arbitration agreement is

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Costa Mesa

1    Case No. 2:21-cv-02327-KJM-KJN

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF

enforceable under the Federal Arbitration Act ("FAA") even if it was not signed. *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 846 (2d Cir. 1986) (under the FAA, "a party may be bound by an agreement to arbitrate even absent a signature. . . . [W]hile the Act requires a writing, it does not require that the writing be signed by the parties.").

Finally, Plaintiff's rendition of current PAGA authorities misses the points of Defendant's request that this Court stay its ruling on the arbitrability of Plaintiff's PAGA claims pending the outcome of the U.S. Supreme Court's decision in *Viking River Cruises v. Moriana*. The decision in *Viking River Cruises* will directly impact whether Plaintiff's PAGA claims may proceed in court because the Supreme Court will decide whether the FAA requires enforcement of arbitration agreements with representative action waivers, including under PAGA.

Accordingly, CompuCom requests that this Court compel Plaintiff to arbitrate his claims on an individual basis, dismiss his class claims, and stay its decision on the arbitrability of Plaintiff's PAGA claim pending the outcome in *Viking River Cruises*.

## II. AN ENFORCEABLE AGREEMENT TO ARBITRATE WAS FORMED

The evidence shows that Plaintiff received the arbitration agreement and elected to remain employed. Thus, an arbitration agreement was formed under controlling law.

### A. Plaintiff Received Notice of the Arbitration Policy; Whether He Read It Has No Consequence.

California law makes clear that an employee can agree to arbitration through continued employment. Given the overwhelming body of law on this subject, Plaintiff suggests that he did not receive notice of the Arbitration Agreement and did not know choosing to remain employed constituted an agreement to be bound by its terms. Plaintiff's professed ignorance of the existence or terms of the arbitration agreement is not credible and should be disregarded. Substantial evidence — including confirmation of physical and electronic mailings and postings of the agreement — show that Plaintiff had sufficient notice of the Agreement.

"[T]he proper and timely mailing of a document raises a rebuttable presumption that the document has been received by the addressee in the usual time." *Schikore v. BankAmerica Supplemental Ret. Plan*, 269 F.3d 956, 961 (9th Cir. 2001). Defendant provided ample notice

Morgan, Lewis & Bockius LLP
Attorneys at Law
Costa Mesa

2   Case No. 2:21-cv-02327-KJM-KJN

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF

through multiple means to ensure its employees received a copy of its arbitration agreement:

- The Arbitration Agreement was sent via U.S. Mail by a third-party processor to all U.S. CompuCom employees on October 14, 2016.  Griffin Decl., ¶ 5.
- CompuCom announced its new Arbitration Agreement in the company-wide newsletter, which was sent via email, to all U.S. CompuCom employees on October 14, 2016.  Griffin Decl., ¶ 6.
- On October 17, 2016 the Arbitration Agreement was posted in CompuCom's U.S. Handbook and made available on CompuCom's intranet site which was accessible to all employees.  Griffin Decl., ¶ 7.
- On June 13 and 15, 2017, the Agreement was sent by U.S. Mail to any employees whose initial home mailing was returned as undeliverable.  Griffin Decl., ¶ 8.
- On June 28, 2017, the Agreement was emailed to any employees whose initial home mailing was returned to CompuCom as undeliverable.  Griffin Decl., ¶ 9.
- After the implementation of the Arbitration Agreement, Plaintiff continued his employment with CompuCom.  Griffin Decl., ¶ 10.

All of these facts show that Plaintiff received notice of the Agreement, despite his arguments to the contrary.  In a futile attempt to disregard CompuCom's business records that detail the many ways in which all CompuCom employees, including Plaintiff, received the Agreement, Plaintiff argues that Ms. Griffin's declaration should be ignored because she was not employed when the business records were created.  However, as CompuCom's current Human Resources Data and Compliance Manager, Ms. Griffin properly attested to the truthfulness and accuracy of CompuCom's business records attached to her declaration.  See *Starace v. Lexington L. Firm*, No. 118CV01596DADSKO, 2019 WL 2642555, at *4 (E.D. Cal. June 27, 2019) (accepting records like those in the Griffin Declaration kept in the ordinary course of business submitted by a company declarant in support of a motion to compel arbitration).

In another attempt to avoid his obligation to arbitrate, Plaintiff asserts in his declaration that he was not aware of the Agreement and "d[id] not recall ever seeing [it]."  *See* Raymond Decl., ¶ 19.  In his declaration, however, **Plaintiff offers nothing to suggest that the Agreement**

3   Case No. 2:21-cv-02327-KJM-KJN

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF

**was not mailed to him** *See*, *generally id.* He simply claims that he does not "believe" that he ever read the Agreement and does not "recall" receiving or seeing the Agreement. *Id.* at ¶¶ 17-18.

Even if Plaintiff failed to read the Arbitration Agreement upon receipt, he is still bound by it. It is well-settled that a person is bound to a contract's terms, even if the person does not read it, and even if the other party tells the person that the documents are "unimportant." *See Rosenthal v. Great W. Fin. Sec. Corp.,* 14 Cal. 4th 394, 423-24 (1996); *see also Bolanos v. Khalatian*, 231 Cal. App. 3d 1586, 1590 (1991) (an agreement to arbitrate is binding, regardless of whether an employee reads it). Plaintiff's citations to "browsewrap" cases involving consumer agreements are irrelevant. The law does not require employers, or their supervisors, to explain to employees the terms contained in an arbitration agreement. *Brookwood v. Bank of Am.*, 45 Cal. App. 4th 1667, 1674 (1996). Rather, reasonable diligence requires employees to read an arbitration agreement before agreeing to it. *Id.* "A party cannot use his own lack of diligence to avoid an arbitration agreement" as Plaintiff attempts to do here despite CompuCom's efforts. *Id.* Indeed, in *Vernon v. Drexel Burnham & Co.*, 52 Cal. App. 3d 706 (1975), plaintiff argued lack of assent to an arbitration provision, because the plaintiff did not read the provision. The court rejected the argument:

> Vernon contends that the agreement is not binding because of lack of mutual assent to the arbitration provision since he was unaware of the clause because he did not read it. **This contention is not meritorious**. He is in effect asking for retrospective unilateral contractual immunity which is contrary to the law of California.

*Id.* at 714 (emphasis added).

Federal District Courts in California routinely hold that an employee is bound by the terms of an arbitration agreement, even if the employee never read the agreement or did not understand its terms. *See Chavez v. Bank of Am.,* No. C 10-653 JCS, 2011 WL 4712204, at *8 (N.D. Cal. Oct. 7, 2011) (finding valid arbitration agreement because plaintiff's sworn statement that she "'does not recall' receiving anything in the mail" about the arbitration provision does not defeat presumption of receipt by mail); *Aquino v. Toyota Motor Sales USA, Inc.*, No. 15-cv-

Morgan, Lewis & Bockius LLP
Attorneys at Law
Costa Mesa

4                Case No. 2:21-cv-02327-KJM-KJN
DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF

1    05281-JST, 2016 WL 3055897 *4 (N.D. Cal., May 31, 2016) (rejecting an employee's claim that
2    she should not be bound by an arbitration agreement because she thought she would have to sign
3    it to make it effective, and she did not sign it because she did not agree to it).  In *Romero v. GE*
4    *Betz, Inc.*, Case No. CV 16-1356 FMO (JCx), 2016 WL 9138054 *3 (C.D. Cal., June 28, 2016),
5    the court ordered the plaintiff to arbitrate even though he submitted a declaration stating that he
6    had "'**never before in [his] life' seen [the arbitration procedures]** until they were shown to him
7    by his attorney in relation to the [motion to compel arbitration]."  The court explained that under
8    California law, "an offeree, knowing an offer has been made to him but not knowing all of its
9    terms, may be held to have accepted, by his conduct, whatever terms the offer contains."  *Id.* at 4.
10        Here, Plaintiff's claim that he was unaware of the arbitration agreement is not credible and
11   does not change the fact that he agreed to be bound by the terms of the Arbitration Agreement
12   under well-established California law.

13        **B.    Plaintiff's Assent to the Arbitration Policy Was Implied by His Conduct.**

14        Plaintiff also argues that Defendant's Motion should be denied because he did not sign the
15   Arbitration Agreement.  He focuses his argument on the lack of a signed agreement and that "no
16   reasonable person could find that Plaintiff had signed or acknowledged receipt of the" Arbitration
17   Agreement.  Opp. at 7-13.  The Agreement, however, did not contemplate assent through a
18   signature or require affirmative acknowledgment.  Rather, it provides for agreement through
19   continued employment.  The FAA does not require a signature for an arbitration agreement to be
20   effective.  *Genesco, Inc. v. T. Kakiuchi & Co., Ltd*., 815 F.2d 840, 846 (2d Cir. 1986) (under the
21   FAA, "a party may be bound by an agreement to arbitrate even absent a signature. . . . [W]hile the
22   Act requires a writing, it does not require that the writing be signed by the parties."); *Nghiem v.*
23   *NEC Elec., Inc.*, 25 F.3d 1437, 1439 (9th Cir. 1994) (same).
24        Under clear California law, an agreement to arbitrate may be implied in fact by continued
25   employment after notice of arbitration as a condition of employment.  *Craig v. Brown & Root,*
26   *Inc.*, 84 Cal. App. 4th 416, 420 (2000) (citing cases); *see also Asmus v. Pac. Bell*, 23 Cal. 4th 1,
27   11 (2000) ("California law permits employers to implement policies that may become unilateral
28   implied-in-fact contracts when employees accept them by continuing their employment.").  As

Morgan, Lewis & Bockius LLP
Attorneys at Law
Costa Mesa

5                                      Case No. 2:21-cv-02327-KJM-KJN
DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF

the Ninth Circuit has held, "California law imposes no duty upon [employers] specifically to inform employees that their continued employment constituted acceptance of new terms of employment." *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1092 (2014). "Where an employee continues in his or her employment after being given notice of the changed terms or conditions, he or she has accepted those new terms or conditions." *Id.* at 1093.

Plaintiff cites *Bayer v. Neiman Marcus Holdings, Inc.*, 582 F.App'x 711, 713 (9th Cir. 2014) to argue that courts will not find an implied-in-fact agreement where an employee did not acknowledge receipt of an arbitration agreement. Opp. at 11. But *Bayer's* analysis contemplated implied consent *where the employer required the employee to sign or acknowledge an arbitration agreement* and the employee failed to do so. *See Bayer*, 582 F. App'x at 712. Here, CompuCom's Arbitration Agreement did not contemplate a signature of affirmative response.

Plaintiff also relies on *Pearson v. P.F. Chang's China Bistro*, No. 13-cv-2009-JLS, 2015 U.S. Dist. LEXIS 184157, (S.D. Cal. Feb. 23, 2015), where the plaintiff argued that she never received a copy of the employer's dispute resolution policy. *Id*. at *10-12. The employer lacked a signed acknowledgment form where the policy specifically required a signed acknowledgment. *Id*. The court denied Defendant's motion to compel arbitration because the defendant in *Pearson* was not able to produce any reliable evidence that the plaintiff received a copy of the dispute resolution policy. *Id.* That is not the case here as the Arbitration Agreement does not contemplate assent by signature or acknowledgment.

In *Craig*, also analyzed in *Pearson*, the court specifically held that an employee may accept an arbitration agreement by remaining employed where, as here, continued employment constitutes acceptance of an agreement. *Craig,* 84 Cal. App. 4th at 420. The employee in *Craig* claimed that she did not receive the arbitration agreement, let alone review it. The court, however, enforced the arbitration agreement because the preponderance of the evidence proved that the employee received a copy of the arbitration agreement because it was sent by U.S. mail. *Id*. at 420. As in this case, the employer in *Craig* had mailed the arbitration agreement to the plaintiff and provided for acceptance through continued employment. *See id.* The *Craig* plaintiff declared that she *never received the arbitration memorandum. See id.* The court held that,

Morgan, Lewis & Bockius LLP
Attorneys at Law
Costa Mesa

6                              Case No. 2:21-cv-02327-KJM-KJN
DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF

notwithstanding plaintiff's claim, a valid agreement to arbitrate was formed. *Id.* The court rejected the employee's argument that she never assented to arbitration because she did not sign the agreement:

> General principles of contract law determine whether the parties have entered a binding agreement to arbitrate . . . . This means that a party's acceptance of an agreement to arbitrate may be express . . . ***or implied-in-fact where, as here, the employee's continued employment constitutes her acceptance of an agreement proposed by her employer.***

*Id.* (emphasis added). The court presumed that the *Craig* plaintiff had received the agreement, she continued employment, and thereby agreed to be bound. The fact that the *Craig* plaintiff never read the agreement and claimed that she never received the agreement was overcome by Defendant's credible evidence otherwise.

Federal District Courts in California have followed *Craig* by enforcing arbitration agreements that were formed by an employee's continued employment. *See Gutierrez*, 2014 WL 4829087, at * 3 (compelling arbitration where an employee accepted employment after reading the handbook containing the dispute resolution program and remained employed after being informed of the revised policy); *Romero*, 2016 WL 9138054, at * 4 ("Because the arbitration agreement was a condition of Romero's employment, he impliedly accepted it by continuing to work at GE Betz."); *Espino v. Dollar Tree, Inc.*, No. 18-CV-0406 W (MDD), 2018 WL 3455984 * 3 (S.D. Cal., July 18, 2018) (the employee assented to the arbitration agreement because she chose to continue working with notice of the changed employment terms); *Aquino*, 2016 WL 3055897, at * 4 ("The Court concludes that an implied-in-fact agreement exists between Toyota and Ms. Aquino to arbitrate the claims at issue in this litigation. As in *Craig*, Ms. Aquino had notice of Toyota's implementation of the arbitration agreement, and she continued to work for Toyota after the Agreement went into effect.").

As in *Craig*, Plaintiff here claims that he did not recognize the Agreement, believes he did not read it, and does not recall ever receiving it. Raymond Decl., ¶¶ 17-19. Also like in *Craig*, Defendant mailed the Arbitration Agreement to Plaintiff's home, repeatedly emailed it to his work email, and made it available on its portal. *See* Griffith Decl. Thus, Defendant has proved

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

7   Case No. 2:21-cv-02327-KJM-KJN
DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF

by a preponderance of the evidence that Plaintiff received a copy of the arbitration agreement and a valid agreement to arbitrate exists.

### C. The California Statute of Frauds Does Not Apply to the Agreement.

Plaintiff incorrectly argues that the California statute of frauds applies to his Arbitration Agreement because the Agreement cannot be performed within one year. Opp. at 8. However, the California Supreme Court has recognized that "it has been repeatedly held that, if an agreement whose performance would otherwise extend beyond a year may be completely performed within a year on the happening of some contingency, it is not within the statute of frauds." *See Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 674 (1988). Here, the statute of frauds does not apply to Plaintiff's Arbitration Agreement because even if it is an agreement of indefinite duration, it *could be* completed within one year. *See Hicks v. Macy's Dep't Stores, Inc.*, No. C 06-02345 CRB, 2006 WL 2595941, at *3 (N.D. Cal. Sept. 11, 2006) (holding that the "statute of frauds does not apply to an employment agreement of indefinite duration because the employment could be completed within one year."). Tellingly, the Opposition fails to address *Hicks*, which was discussed in Defendant's Motion and which rejected the notion that a written arbitration agreement is unenforceable if it is part of an indefinite employment agreement. *See id.*

Instead, none of the cases cited by Plaintiff lend support to his claim that his Arbitration Agreement falls within the statute of frauds. *See Mitchell v. Am. Fair Credit Assn.*, 99 Cal. App. 4th 1345, 1357 (2002) (holding that the Credit Services Act ("CSA") (California Code of Civil Procedure section 1789.16), which separately requires contract modifications to be in writing and signed, is not preempted by the FAA to the extent the CSA applies equally to arbitration clauses and other clauses modifying credit services agreements); *Chase v. Blue Cross of California*, 42 Cal. App. 4th 1142, 1158 (1996) ("[O]ur holding that an insurer forfeits the right to arbitrate if the covenant of good faith and fair dealing is breached does not violate federal law"); *Harshad & Nasir Corp. v. Global Sign Sys., Inc.*, 14 Cal. App. 5th 523, 537-540 (2017) (not analyzing the underlying arbitration agreement as Plaintiff insinuates, but finding, on appeal from arbitration, that the parties' "'reimaging' contract [at issue] was to be performed over three years" and that a letter between the parties regarding a different agreement, signed by only one party, did not

Morgan, Lewis & Bockius LLP
Attorneys at Law
Costa Mesa

8   Case No. 2:21-cv-02327-KJM-KJN
DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF

satisfy the statute of frauds). Plaintiff's other cited cases do not involve arbitration agreements, which as discussed below are governed by the FAA and need not be signed to be enforceable.[1]

### D. The California Statute of Frauds is Preempted by the FAA, Which Does Not Require Arbitration Agreements to Be Signed.

Plaintiff's argument that the statute of frauds requires that his Agreement be signed to be enforceable fails as a matter of law because not only does the statute of frauds not apply to his Agreement, as discussed above, but also because the FAA preempts the California statute of frauds and does not require that arbitration agreements be signed to be enforceable. Plaintiff does not — and cannot — dispute that his agreement is covered by the FAA. Neither the FAA nor the California Arbitration Act require a "signed" agreement; they only require that the agreement be in writing. *Genesco*, 815 F.2d at 846 (under the FAA, "a party may be bound by an agreement to arbitrate even absent a signature...."); *Nghiem*, 25 F.3d at 1439 (same); *Hicks*, 2006 WL 2595941, at *3 (finding that plaintiff "d[id] not [properly] dispute defendant's evidence that he did in fact receive [the arbitration agreement]" and noting that "California courts and Ninth Circuit have upheld arbitration agreements which were not signed by the employee." (*citing Craig*, 84 Cal.App.4th at 420; *Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1109 (9th Cir. 2002))).

Here, CompuCom has met its burden as its Arbitration Agreement is memorialized in writing. Under California law, "A party's acceptance of an agreement to arbitrate may be express … A signed agreement is not necessary, however, as a party's acceptance may be implied in fact." *Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev.*, 55 Cal. 4th 223, 236 (2012); *see also Collins v. Taco Bell Corp.*, No. SACV 13-0458 DOC, 2013 WL 3984252, at *6 (C.D. Cal. July 31, 2013) (rejecting employee's statue of frauds argument and noting that Defendant also would be subject to arbitration agreement even though it had not signed). As discussed above, there is a strong presumption here that Plaintiff received the Arbitration Agreement by U.S. Mail

---

[1] Plaintiff cites cases involving a loan forbearance agreement (*Secrest v. Security Nat. Mortgage Loan Trust*), home loan modification agreement (*Chavez v. Indymac Mortgage Services*), real estate contract (*Anderson v. Stansbury*), an employment commissions agreement (*Gressley v. Williams*), and a settlement agreement (*J.B.B. Investment Partners, Ltd. v. Fair*). Unlike those agreements, arbitration agreements are governed by the FAA, which only requires arbitration agreement to be written but does not require them to be signed.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

9   Case No. 2:21-cv-02327-KJM-KJN
DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF

(in addition to Defendant's various electronic communications). *See Craig*, 84 Cal. App. 4th at 421-422. After receipt, an employee's continued employment constitutes implied in fact acceptance of an arbitration agreement proposed by the employer. *Id*. at 420 (cited with approval by *Pinnacle*, 55 Cal. 4th at 1224). Here, Plaintiff's continued employment after receiving the Arbitration Agreement by U.S. Mail and multiple electronic means constitutes implied in fact acceptance of the Agreement.

### III.  THIS COURT SHOULD DEFER ITS RULING ON PLAINTIFF'S PAGA CLAIMS PENDING THE SUPREME COURT DECISION IN VIKING RIVER CRUISES

This Court should exercise its inherent authority to stay its decision on whether Plaintiff's PAGA claim is subject to arbitration pending the outcome in *Viking River Cruises*. Plaintiff's assertion that a stay would harm the State of California is unfounded. Elevating the State as a real party in interest to overshadow this Court's inherent authority to control the litigation before it is inconsistent with this Court's inherent authority and legal precedent. *See Wesson v. Staples the Office Superstore, LLC*, 68 Cal. App. 5th 746, 769 (2021) (rejecting argument that the State in a PAGA action should be treated differently from a private litigant or exempt from the courts' inherent authority to manage its proceedings and ensure the efficient administration of justice).

Moreover, Defendant requests that this Court defer its ruling on this matter precisely because current controlling law precludes arbitration of PAGA claims. However, the Supreme Court's upcoming decision in *Viking River Cruises* will squarely decide whether the FAA requires enforcement of arbitration agreements with representative action waivers, including under PAGA. Thus, the decision on the arbitrability of Plaintiff's PAGA claim should be stayed pending the outcome in *Viking River Cruises*. *See Harper v. Charter Commc'ns, LLC*, No. 219CV00902WBSDMC, 2022 WL 229861, at *1 (E.D. Cal. Jan. 26, 2022) (Judge Shubb) (granting motion to stay PAGA claim).

### IV.  CONCLUSION

CompuCom requests that this Court compel Plaintiff to arbitrate his claims on an individual basis, dismiss his class claims, and stay its decision on the arbitrability of Plaintiff's PAGA claim pending the outcome in *Viking River Cruises*.

Morgan, Lewis & Bockius LLP
Attorneys at Law
Costa Mesa

10                  Case No. 2:21-cv-02327-KJM-KJN
DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF

| | |
|---|---|
| Dated: February 25, 2022 | MORGAN, LEWIS & BOCKIUS LLP<br><br>By  */s/Barbara J. Miller*<br>    Barbara J. Miller<br>    Samuel S. Sadeghi<br>    Kevin J. Bohm<br><br>Attorneys for Defendant<br>COMPUCOM SYSTEMS INC. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

11    Case No. 2:21-cv-02327-KJM-KJN
DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF