UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The California Labor and Workforce Development Agency, et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>Compucom Systems, Inc.,<br><br>                Defendant. | No. 2:21-cv-02327-KJM-KJN<br><br>ORDER |

       Plaintiff William Raymond brings this employment action on his own behalf and under the California Private Attorneys General Act (PAGA). Defendant CompuCom Systems, Inc. moves to compel arbitration of all claims except the PAGA claim. *See* Mot. Compel, ECF No. 7. This court held its motion in abeyance pending a determination on whether Raymond assented to the arbitration agreement. Prior Order, ECF No. 20. The court set a bench trial in February 2023 to resolve that dispute of fact. *See* Min. Order (Sept. 1, 2022), ECF No. 25.

       CompuCom now moves for summary judgment, arguing there is no genuine dispute that an arbitration agreement formed between itself and Raymond. Mot. Summ. J., ECF No. 28. In response, Raymond admits an arbitration agreement formed. *See* Judicial Admis., ECF No. 30. As a result, CompuCom's **motion for summary judgment is denied as moot and the bench trial is vacated.**

In addition, because Raymond agreed to arbitrate his claims, those claims must be dismissed. *See Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1925 (2022); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218–19 (1985); *see also* Judicial Admis. at 4; Reply at 2, ECF No. 31. The court therefore **grants CompuCom's motion to compel Raymond in his individual capacity to arbitrate his wage and hour claims and dismisses those claims without prejudice.**

The parties dispute what remains of this case and whether the PAGA claims can proceed in Raymond's absence. Plaintiffs[1] also state they intend to meet and confer with defendant regarding leave to amend the complaint, as well as a possible stay pending resolution of a current California Supreme Court case. Judicial Admis. at 4–5. Defendant insists the non-individual PAGA claim must also be dismissed. Reply at 3. Plaintiffs request a status conference; defendant seeks a briefing schedule. Judicial Admis. at 6; Reply at 5.

**The court grants CompuCom's request for a briefing schedule and declines to stay this action at this time.** Plaintiffs may respond to the Reply at ECF No. 31 by **December 9, 2022**, and defendant may file a further response by **December 16, 2022**. These supplemental briefs may not exceed five pages each and should address dismissal, case scheduling, a potential stay, and potential amendments to the complaint.

The Status (Pretrial Scheduling) Conference currently set for January 12, 2023 at 2:30 p.m. **remains on calendar**. *See* Min. Order (Nov. 3, 2022), ECF No. 27. Given the court's decision above on supplemental briefing, the parties are **relieved of their obligation to file a further joint status report prior to the status (pretrial scheduling) conference**. The court directs the parties **to meet and confer prior to the conference**. If there are pertinent updates from the meet and confer, the parties may file an updated joint status report seven (7) days prior to the conference.

This order resolves ECF Nos. 7, 28.

---

[1] The court notes the uncertainty as to who plaintiffs are at this juncture, including whether Raymond seeks to remain as plaintiff for the non-individual claims and/or seeks to litigate the claims on behalf of the California Labor and Workforce Development Agency.

1       IT IS SO ORDERED.

2   DATED: November 29, 2022.

3

_____
CHIEF UNITED STATES DISTRICT JUDGE