UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The California Labor and Workforce Development Agency, *ex rel.* William Dean Raymond, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CompuCom Systems, Inc.,<br><br>Defendant. | No. 2:21-cv-02327-KJM-KJN<br><br>ORDER |

Plaintiff William Dean Raymond brings this employment action under the California Private Attorneys General Act (PAGA), Cal. Lab. Code. § 2698 *et seq.*, against defendant CompuCom Systems, Inc.  Following this court's order compelling arbitration of all but the non-individual PAGA claim, CompuCom moves to dismiss the remaining claim.  As explained below, the court **stays** the case pending the anticipated decision in *Adolph v. Uber Technologies, Inc.*, California Supreme Court Case No. S274671.

I. **BACKGROUND**

Plaintiff Raymond originally brought this putative class and PAGA action based on wage and hour claims against defendant CompuCom in Sacramento County Superior Court.  *See* Compl., Notice of Removal, ECF No. 1-1.  CompuCom removed the case to this court, invoking Class Action Fairness Act diversity jurisdiction.  *See* Notice of Removal at 2, ECF No. 1.

1

1    CompuCom then moved to compel arbitration of plaintiffs' claims and dismiss the class
2    claims. *See* Mot., ECF No. 7. Plaintiffs opposed, *see* Opp'n, ECF No. 9, and the parties disputed
3    the existence of an enforceable arbitration agreement given plaintiffs' position that Raymond had
4    not assented to the agreement, *see* Reply at 1–2, ECF No. 12. The court held in abeyance the
5    motion to compel pending the resolution of the assent question, *see* Prior Order (July 27, 2022),
6    ECF No. 20, and ultimately set a one-day bench trial to determine whether Raymond had in fact
7    assented, *see* Min. Order (Sept. 1, 2022), ECF No. 25.

8    Prior to the bench trial, CompuCom moved for summary judgment on the issue of assent.
9    *See* Mot. Summ. J., ECF No. 28. In response, plaintiffs admitted "an arbitration agreement was
10   formed between Plaintiff William Dean Raymond, in his individual capacity only," and
11   CompuCom. Judicial Admission at 3, ECF No. 30. As a result, plaintiffs conceded the court
12   should compel Raymond to arbitrate his individual wage and hour claims and dismiss those
13   claims as well as the putative class claims without prejudice. *Id.* at 4. CompuCom replied, in
14   large part agreeing with plaintiffs. Reply & Mot. at 1, ECF No. 31. CompuCom simultaneously
15   has moved to dismiss the "remaining non-individual PAGA claim." *Id.*

16   The court denied the motion for summary judgment as moot, vacated the bench trial,
17   granted the motion to compel Raymond to arbitrate his wage and hour claims and dismissed those
18   claims without prejudice, and then set a briefing schedule on the motion to dismiss the remaining
19   PAGA claims. *See* Prior Order (Nov. 30, 2022), ECF No. 32. Plaintiffs oppose the motion to
20   dismiss, Opp'n, ECF No. 33, and CompuCom has replied, Reply, ECF No. 35. The court held
21   oral argument on February 17, 2023. *See* Hr'g Mins., ECF No. 40. Lisseth Bayona and Brent
22   Robinson appeared for plaintiffs, and Barbara Miller represented defendant. The court submitted
23   the matter and deferred case scheduling. *Id.*

24   **II.     THE INDIVIDUAL PAGA CLAIM AND CLASS CLAIMS**

25   At the outset, the court notes its prior order could be read as ambiguous regarding the
26   plaintiffs' individual PAGA and class claims. *See generally* Prior Order (Nov. 30, 2022). The
27   court discussed this issue with the parties at hearing. The parties stated they understood the prior
28   order to compel arbitration of plaintiffs' individual PAGA claim and to dismiss the putative class

2

claims, and agreed that result was proper. The court **clarifies and confirms** its prior order in fact compelled arbitration of plaintiffs' individual PAGA claim and dismissed without prejudice the putative class claims. *See* Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice . . . .").

### III. THE NON-INDIVIDUAL PAGA CLAIM

The only issue remaining for this court to decide is whether the non-individual PAGA claim can proceed. Because California courts have not resolved this state law issue, the court **stays** the case pending the anticipated California Supreme Court decision in *Adolph v. Uber Technologies*, as explained below.

CompuCom moves to dismiss the non-individual PAGA claim, relying on *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022), and its federal progeny. Reply & Mot. at 2. CompuCom argues plaintiffs lack standing to maintain the non-individual PAGA claim under California law. *See id.* at 3–4; Reply at 3–5. In response, plaintiffs raise several reasons they say the court should not follow *Viking River*. *See generally* Opp'n. Their strongest argument is the court should stay this case until the California Supreme Court resolves whether a plaintiff has statutory standing for a non-individual PAGA claim, which that Court will consider in *Adolph v. Uber Technologies*. *Id.* at 5.

Although the parties raise many issues, the dispositive question is how *Viking River* characterizes PAGA. "PAGA authorizes any 'aggrieved employee' to initiate an action against a former employer 'on behalf of himself or herself and other current or former employees' to obtain civil penalties that previously could have been recovered only by the State in an LWDA enforcement action." *Viking River*, 142 S. Ct. at 1914 (quoting Cal. Lab. Code Ann. § 2699(a)). The California Supreme Court described this type of action as representative because the employee-plaintiff is suing as an agent or proxy of the state. *Id.* (quoting *Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 382 (2014)).

*Viking River* addressed whether PAGA, as interpreted by the California Supreme Court in *Iskanian*, is preempted by the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq. Iskanian* held

employees cannot waive representative PAGA claims. *Viking River*, 142 S. Ct. at 1916. This rule had two parts. First, parties cannot waive "*representative standing* to bring PAGA claims in a judicial or arbitral forum." *Id.* (emphasis in original). Second, agreements to separately arbitrate or litigate an employee's own PAGA claim are invalid. *Id.*

In *Viking River*, the U.S. Supreme Court explained PAGA actions are representative in two ways. First, they are representative because they are brought on behalf of the State; and second, they are representative because they are predicated on labor code violations sustained by other employees. *Id.* The Court further explained, when *Iskanian* prohibited waivers of representative standing to bring PAGA claims (the first rule), it referred to the first definition of "representative" as on the State's behalf. *Id.* Because the Court was discussing whether the FAA preempts *Iskanian*'s rule regarding representative PAGA actions, the Court used new terminology: "individual PAGA claims" refers to claims based on code violations suffered by the plaintiff, and "representative or non-individual PAGA claims" refers to claims based on code violations suffered by others. *Id.* The court then held the first *Iskanian* rule, that parties cannot waive representative standing, was not preempted. But the second rule, PAGA claims cannot be split in two, was preempted. *Id.* at 1924.

This resolution left one outstanding issue. What should courts do with non-individual claims after the individual claim is separated out and sent to arbitration? California courts had not addressed this issue previously because *Iskanian* prevented the splitting of a PAGA claim. So, the Court turned to PAGA's statutory language and interpreted it as requiring an individual claim to maintain standing.

> Under PAGA's standing requirement, a plaintiff can maintain non-individual PAGA claims in an action only by virtue of also maintaining an individual claim in that action. See Cal. Lab. Code Ann. §§ 2699(a), (c). When an employee's own dispute is pared away from a PAGA action, the employee is no different from a member of the general public, and PAGA does not allow such persons to maintain suit.

*Id.* at 1925 (citing *Kim v. Reins Int'l Cal., Inc.*, 9 Cal. 5th 73, 86 (2020)). The Court concluded, without an individual claim, "the correct course is to dismiss [plaintiff's] remaining claims." *Id.*

4

This court agrees with CompuCom that the U.S. Supreme Court's interpretation of state law in *Viking River* is binding on the lower federal courts, absent subsequent indication from state courts the interpretation is incorrect. *Cf. Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 884 n.7 (9th Cir. 2000) (stating Ninth Circuit's interpretation of state law is binding, absent "any subsequent indication from [state courts] that [the] interpretation was incorrect" (quoting *Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983)). But that principle does not end the inquiry here. Although *Viking River*'s preemption decision was reached through an 8-1 vote, only 5 justices joined Part IV of the opinion regarding statutory standing for proceeding with a non-individual PAGA claim only. One of those five, Justice Sotomayor, joined the Court's opinion in full, but wrote a concurrence addressing Part IV. She concluded, "if this Court's understanding of state law is wrong, California courts, in an appropriate case, will have the last word." *Id.* Moreover, Justices Barrett, Kavanaugh and Roberts did not join Part IV, and instead wrote a concurrence noting Part IV is "unnecessary to the result, and much of it addresses disputed state-law questions as well as arguments not pressed or passed upon in this case." *Id.* at 1926. Thus, there are only four unqualified votes for the Part IV conclusion, with Justice Sotomayor's qualified concurrence providing the fifth vote.

Shortly after *Viking River* was decided, the California Supreme Court accepted review in *Adolph* to consider whether a PAGA plaintiff has statutory standing for a non-individual PAGA claim when an individual PAGA claim has been sent to arbitration. In the aftermath of *Viking River*, federal district courts have split in their approach. Some have issued stays pending a decision in *Adolph*, others have dismissed non-individual PAGA claims and one district court declined to follow *Viking River* because it concluded the decision was contrary to California law. *See Dominguez v. Sonesta Int'l Hotels Corp.*, __ F. Supp. 3d __, 2023 WL 25707, at *7 (N.D. Cal. Jan. 3, 2023) (collecting cases); *Shams v. Revature LLC*, __ F. Supp. 3d __, 2022 WL 3453068, at *3 (N.D. Cal. Aug. 17, 2022) ("Although the Supreme Court suggests that under PAGA, Moriana lost standing to pursue her non-individual PAGA claims, because the California Supreme Court is the final arbiter of California law, this Court applies *Kim*'s interpretation of PAGA standing to this case.").

After careful consideration of the parties' briefing and oral arguments, and the many other district court decisions on this issue, this court is persuaded the best course in this case is to stay the non-individual PAGA claim pending a decision in *Adolph*. Because so much ink has been spilled on this issue, the court declines to spill more of its own, finding particularly persuasive the decision of a sister court in *Martinez-Gonzalez v. Elkhorn Packing Co., LLC*, __ F. Supp. 3d __, 2022 WL 10585178, at *12 (N.D. Cal. 2022), which stayed that action pending a decision in *Adolph* while noting Justice Sotomayor's *Viking River* concurrence counsels in favor of a stay. Moreover, CompuCom conceded at hearing that dismissal would be without prejudice; given that plaintiffs would presumably proceed with their non-individual PAGA claim after *Adolph* if permitted by the California Supreme Court's decision, a stay will achieve judicial efficiencies.

A stay also is supported by recent California state court cases. For example, two California Court of Appeal decisions have cast doubt on the status of state law after *Viking River*. *See, e.g.*, *Mills v. Facility Sols. Grp., Inc.*, 84 Cal. App. 5th 1035, 1064 (2022) (describing *Viking River*'s Part IV conclusion about non-individual claims as "dicta"); *Lewis v. Simplified Labor Staffing Sols., Inc.*, 85 Cal. App. 5th 983, 1000 (2022) (holding arbitrator must decide whether arbitration agreement calls for arbitrating non-individual claims).

Lastly, the court finds a stay will not be indefinite. CompuCom argued in its briefs and at oral argument that a stay here would have no end point. *See* Reply at 5. As the court in *Dominguez* explained, the California Supreme Court has accepted review in *Adolph* and briefing has been completed, so it is substantially likely the California Supreme Court will issue a decision in that case relatively soon, even if not for several months. 2023 WL 25707, at *8 n.2. The stay is thus not indefinite "simply because the exact timing of the event upon which [the] stay is conditioned is unknown." *Id.*

At hearing, CompuCom raised several counterarguments about indefiniteness. It posited a stay would be indefinite because *Adolph* would likely reach the U.S. Supreme Court, but not for some time. It also claimed subsequent litigation, as yet unidentified, inevitably would test whether non-individual PAGA claims under section 2699 are reconcilable with the FAA, requiring further stays of this case. The court finds these arguments unpersuasive for a few

6

reasons. First, the court intends to lift the stay here when the California Supreme Court issues its decision in *Adolph* and so need not engage CompuCom's slippery slope argument about how the stay will continue for years to come. Second, while Justice Sotomayor's concurrence suggests she anticipates state courts could resolve whether a non-individual PAGA claim can proceed on its own, and she was the critical fifth vote for Part IV of Viking River, the court declines to read the tea leaves with respect to any prospective Supreme Court decision revisiting the question. Lastly, *Viking River* has held *Iskanian*'s second rule, that representative PAGA claims cannot be waived, is not preempted by the FAA, and CompuCom has not argued plaintiffs assented to arbitration of the representative PAGA claim. On this record, even if there is future federal litigation over non-individual PAGA claims, CompuCom has not shown such litigation is likely to warrant future stays here. In any event, the court declines to speculate or render a decision that is essentially advisory.

In sum, the court **enters a stay** until the California Supreme Court issues its decision in *Adolph*.

## IV.    CONCLUSION

The court **stays** the proceedings in this case, including with respect to CompuCom's motion to dismiss the non-individual PAGA claim. The parties are directed to a file a Joint Status Report every ninety days about the status of *Adolph*. In addition, the parties must notify the court when *Adolph* has been decided within 14 days of the decision. At that time, the parties must file a Further Joint Status Report regarding whether further briefing of the motion to dismiss is needed. The Pretrial Scheduling Conference will be set for thirty days after the motion to dismiss is resolved, if any claims remain at that time.

This order stays ECF No. 31.

IT IS SO ORDERED.

DATED: March 9, 2023.

CHIEF UNITED STATES DISTRICT JUDGE