UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Dean Raymond, | No. 2:21-cv-02327-KJM-KJN |
| Plaintiff, | ORDER |
| v. | |
| CompuCom Systems, Inc., | |
| Defendant. | |

Plaintiff William Dean Raymond brings this employment action under the California Private Attorneys General Act (PAGA), Cal. Lab. Code. § 2698 *et seq.*, against defendant CompuCom Systems, Inc. *See generally* Compl. Ex. A at 7, Notice of Removal, ECF No. 1-1. The court currently has stayed the action, *see* Prior Order (Mar. 10, 2023), ECF No. 42, and the parties dispute whether the stay should be lifted, *see* Joint Status Report, ECF No. 44. As explained below, the court **orders further briefing and sets a hearing** on whether the court should maintain the stay. Additionally, the court resolves the outstanding dispute about this case's caption, which shall now be: "William Dean Raymond v. CompuCom Systems, Inc."

**I.    BACKGROUND**

The court incorporates its previous summary of the case's history here. Prior Order (Mar. 10, 2023) at 1–2. While the court has compelled arbitration of Raymond's individual PAGA

1

claim, his non-individual PAGA claim remains pending. *Id.* at 1.  CompuCom's motion to dismiss the non-individual claim is pending, too.  *See* Reply & Mot., ECF No. 31.  The motion to dismiss hinges on application of the U.S. Supreme Court's decision in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022), which interpreted California law to strip a PAGA plaintiff of statutory standing to pursue a non-individual claim when the individual claim had been compelled to arbitration.  However, as a matter of state law, California courts have the final say as to statutory standing for a non-individual PAGA claim, *see id.* at 1925–26 (Sotomayor, J., concurring), and the California Supreme Court accepted review in *Adolph v. Uber Technologies, Inc.*, California Supreme Court Case No. S274671, to address this issue.

Because the dispositive question of state law previously was unsettled, the court stayed this case pending the anticipated decision in *Adolph*.  Prior Order (Mar. 10, 2023) at 6–7.  The California Supreme Court recently issued its decision.  *See Adolph v. Uber Techs., Inc.*, 14 Cal. 5th 1104, 532 P.3d 682 (2023).  The state Court disagreed with *Viking River*'s conclusion about statutory standing for non-individual claims and decided a PAGA plaintiff could proceed with a non-individual claim even if the individual claim had been compelled to arbitration.  532 P.3d at 692.

After the state Supreme Court decided *Adolph*, the parties submitted their positions on whether the stay here should be lifted and how the case should proceed.  *See* Joint Status Report.  Separately, the court has not yet resolved the outstanding dispute about the case's caption.  *See* Hr'g Mins. (Feb. 17, 2023), ECF No. 40; Joint Br., ECF No. 41.  The court addresses both issues in this order.

**II.   STAY**

The court entered a stay of this action "until the California Supreme Court issue[d] its decision in *Adolph*."  Prior Order (Mar. 10, 2023) at 7.  The court also ordered the parties to notify the court when *Adolph* had been decided and explain whether further briefing of the motion to dismiss would be needed.  *Id.*  Shortly after the state Supreme Court decided *Adolph,* the parties notified the court and submitted their Joint Status Report.

Although CompuCom does not address the pending motion to dismiss, it does argue the court should not lift the stay until the arbitration of the individual PAGA claim is completed. Joint Status Report at 5–6. CompuCom puts forward two reasons to maintain the stay. First, it claims the Federal Arbitration Act, 9 U.S.C. § 3, requires the non-individual PAGA claim to be stayed pending arbitration. *Id.* at 6. In response, Raymond argues the FAA applies only to the parties to the arbitration agreement; he therefore contends the arbitration agreement between Raymond and CompuCom does not cover other employees' and the State's labor claims. *Id.* at 4.

As the Ninth Circuit recently has explained, a mandatory stay under the FAA applies "at least where all issues are subject to arbitration." *Forrest v. Spizzirri*, 62 F.4th 1201, 1204 (9th Cir. 2023), *cert. filed*, No. 22-1218 (June 16, 2023); *see also id.* at 1204 n.2 (explaining district court's discretion to stay matter when not all claims are arbitrable). The parties do not appear to dispute that the non-individual PAGA claim is not subject to arbitration. Insofar as the non-individual claim is not arbitrable, the court is not persuaded a mandatory stay under the FAA applies to the non-individual claim.

Second, CompuCom argues the non-individual claim should remain stayed under *Adolph*. Joint Status Report at 6 (citing *Adolph*, 2023 WL 4553702, at *8). The court interprets this argument charitably as contending a stay is necessary to avoid a conflict with *Viking River* and the FAA, because lifting the stay would create a preemption issue. *See Adolph*, 532 P.3d at 692–93. Raymond disagrees, claiming *Adolph* did not mandate a stay. Joint Status Report at 5. He further contends an arbitrator would not find plaintiff is not aggrieved given the facts at issue, and even if the arbitrator did find plaintiff is not aggrieved, the state could join a new representative with standing. *Id.*

Before turning to the parties' arguments, the court briefly reviews the applicable law. The crux of the legal issue at stake here is that the threshold question for both individual and non-individual claims is the same: whether a plaintiff is an aggrieved employee and thus has statutory standing. Because both claims face the same threshold issue, permitting a non-individual claim to proceed while an individual claim is arbitrated might "run afoul of *Viking River*" because a plaintiff would, in effect, "be permitted to relitigate" whether the plaintiff is an aggrieved

3

employee—an issue that would fall within the bounds of the arbitration agreement. *Adolph*, 532 P.3d at 692. In *Adolph*, the California Supreme Court resolved this issue by explaining a court "may exercise its discretion to stay the non-individual claims," and then follow the arbitrator's decision resolving whether the plaintiff is an aggrieved employee. *Id.* However, the state Supreme Court did not mandate this procedure. Instead, the Court simply dismissed the argument that the issue required it to find a plaintiff did not have statutory standing to proceed with a non-individual PAGA claim. The Court left open whether other procedures might alleviate the *Viking River* concern. It also did not address whether the action must be stayed until the end of arbitration or whether the stay could be lifted sooner.

At this stage, the court is not able to resolve the substantive issues raised by the parties. Plaintiff's cursory response in the Joint Status Report does not offer enough information for the court to evaluate the merits, although it raises doubts about CompuCom's arguments. The court thus **grants** CompuCom's request for further briefing. *See* Joint Status Report at 7. The parties may address any of the issues raised in the Joint Status Report and in this order. CompuCom shall file a brief in support of continuing the stay within **fourteen days** of the date this order is filed. Raymond may file a responsive brief within **fourteen days** thereafter. Briefs must not exceed **fifteen** pages. The court **sets a hearing** on the matter for **October 13, 2023**.

### III.    THE CASE'S CAPTION

During the hearing on CompuCom's motion to dismiss, the court asked the parties why this case has been brought in the name of California's Labor and Workforce Development Agency (LWDA) instead of the plaintiff. *See* Hr'g Mins. (Feb. 17, 2023). The parties raised a few issues in response to this question, so the court ordered a joint filing on the parties' joint or competing positions. *Id.* The parties timely filed their brief. Joint Br.

Raymond argues the LWDA is "the real party in interest" in a PAGA action, and so under both California Code of Civil Procedure section 367 and Federal Rule of Civil Procedure 17, a PAGA action must be brought in the name of the LWDA. *Id.* at 2–3. He analogizes PAGA actions to *qui tam* statutes, which are routinely brought in the name of the state and captioned with the Latin phrase *ex rel. Id.* at 3. In response, CompuCom points out Rule 17 permits parties

to sue in their own names without joining the person for whom the action is brought so long as they are authorized to sue by statute. *Id.* at 4. Additionally, CompuCom outlines the many ways in which PAGA actions differ from traditional *qui tam* actions. *Id.* It also states the Legislature specifically provides for actions to be brought in the state's name when so intended. For example, it compares an older version of Labor Code Section 210—an alternative labor code provision authorizing private enforcement actions—with PAGA. *Id.* at 4–5 (comparing Cal. Lab. Code § 210 (2018 version) with Cal. Lab. Code § 2698 *et seq.*); *see also* Cal. Lab. Code § 210(2)(b) (2018 version) ("The action shall be brought in the name of the people of California[.]").

The parties have not identified any case addressing this issue, and the court has not located one either. Moreover, the parties have identified no case in which a plaintiff has brought a PAGA action in the name of the state, and the court also has not located one. Considering the novelty of Raymond's argument, the court finds Raymond has the burden to persuade this court he should be permitted to proceed in the state's name. On the record before the court, he falls short of the mark.

First, the court is unpersuaded by the comparison between traditional *qui tam* actions and PAGA actions. The Ninth Circuit recently highlighted several differences between traditional *qui tam* actions and PAGA actions, including that the state is only one real party in interest in a PAGA action (alongside the plaintiff and third parties), whereas the state is the one real party in interest in a traditional *qui tam* action. *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 676–77 (9th Cir. 2021). The Circuit also explained how the government may take control of the case in a traditional *qui tam* action, whereas there is no similar mechanism in a PAGA action. *Id.* at 677. These substantial differences cast doubt on whether the California Supreme Court's description of the state as a real party in interest in a PAGA action is persuasive in the context of addressing the present question before this court. *See Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 382 (2014). After all, if California is merely a real party in interest, alongside other parties in interest including the plaintiff and third parties, then Rule 17's command that an action be prosecuted in the name of the real party in interest may not require California to be named. *See* Fed. R. Civ.

5

1  P. 17(a)(1) ("An action must be prosecuted in the name of *the* real party in interest.") (emphasis
2  added).

3  Second, the court also is unpersuaded by the argument that the California Legislature
4  intended for PAGA actions to be brought in the name of the state. The PAGA statute expressly
5  provides for "a civil action brought by an aggrieved employee on behalf of himself or herself and
6  other current or former employees . . . ." Cal. Lab. Code § 2699(a). It does not say aggrieved
7  employees may sue in the state's name. In contrast, when the California Legislature intends for a
8  private enforcement action to be brought in the state's name, it provides for this expressly. For
9  example, when the Legislature "recently authorized qui tam actions for the recovery of false
10 claims against the state treasury," *Iskanian*, 59 Cal. 4th at 382, it specified the "person may bring
11 a civil action . . . in the name of the state," Cal. Gov't Code § 12652(c)(1). Similarly, as
12 CompuCom points out, the older version of an alternative Labor Code provision authorizing
13 private enforcement actions specified plaintiffs must bring suit "in the name of the people of
14 California[.]". Cal. Lab. Code § 210(2)(b) (2018 version). The absence of similar language in
15 the PAGA statute weighs against concluding Raymond may bring this action in the state's name.

16 Raymond thus has not persuaded the court he may proceed in the state's name, and the
17 court perceives no prejudice in requiring that he proceed with this case as the named plaintiff.

18 **IV.   CONCLUSION**

19 In sum, the court **orders further briefing and sets a hearing** on whether the court should
20 maintain the stay in this case. The parties may address any of the arguments raised in the Joint
21 Status Report and in this order. CompuCom shall file a brief in support of a stay within **fourteen**
22 **days** of the date this order is filed. Raymond may file a responsive brief within **fourteen days** of
23 the date CompuCom files its brief. Briefs shall not exceed **fifteen** pages. The court **sets the**
24 **matter for hearing** on **October 13, 2023, at 10:00 a.m. in Courtroom 3**.
25 /////
26 /////
27 /////
28

In addition, the court directs the Clerk of Court to revise the caption to remove the "California Labor and Workforce Development Agency" as a plaintiff. This case proceeds in the name of plaintiff alone, William Dean Raymond, against defendant CompuCom Systems, Inc.

IT IS SO ORDERED.

DATED: August 22, 2023.

_____<br>CHIEF UNITED STATES DISTRICT JUDGE