UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Dean Raymond,<br><br>           Plaintiff,<br><br>     v.<br><br>CompuCom Systems, Inc.,<br><br>           Defendant. | No. 2:21-cv-02327-KJM-KJN<br><br>ORDER |

Plaintiff William Dean Raymond brings this employment action under the California Private Attorneys General Act (PAGA), Cal. Lab. Code § 2698 *et seq.*, against defendant CompuCom Systems, Inc. The court has currently stayed the action. CompuCom moves to dismiss plaintiff's non-individual PAGA claim for lack of statutory standing and requests a continued stay. Because the court **grants CompuCom's request for a continued stay**, the court does not reach the motion to dismiss.

The court incorporates its previous summary of the case's history here. Prior Order (Mar. 10, 2023) at 1–2, ECF No. 42. While the court has compelled arbitration of Raymond's individual PAGA claim, his non-individual PAGA claim remains pending. *Id.* at 1. CompuCom moves to dismiss the non-individual claim. *See* Mot. Dismiss, ECF No. 31. The parties dispute whether the current stay of the case should be lifted. *See* Joint Status Report, ECF No. 44. The court ordered further briefing regarding whether the court should maintain the stay. *See* Prior

1

1 Order (Aug. 23, 2023), ECF No. 45.  CompuCom filed a supplemental brief, which included
2 arguments in support of both the prior motion to dismiss and maintaining the stay.  *See*
3 CompuCom Suppl., ECF No. 46.  Raymond opposed.  *See* Raymond Suppl., ECF No. 47.  The
4 court notes, as Raymond points out, CompuCom exceeded the parameters of the supplemental
5 briefing the court requested by briefing new arguments in support of its motion to dismiss that
6 were neither discussed in the parties' joint status report nor the court's prior order requesting the
7 supplemental briefing.  *See* Prior Order (Aug. 23, 2023) at 4; CompuCom Suppl. at 2–8;
8 Raymond Suppl. at 6

This court previously found the FAA does not mandate a stay in this case.  *See* Prior Order (Aug. 23, 2023) at 3 ("Insofar as the non-individual claim is not arbitrable, the court is not persuaded a mandatory stay under the FAA applies to the non-individual claim."); *Forrest v. Spizziri*, 62 F.4th 1201, 1204 (9th Cir. 2023), *cert. granted sub nom. Smith v. Spizzirri*, 144 S. Ct. 680 (2024) (explaining a mandatory stay under the FAA applies "at least where all issues are subject to arbitration"); *id.* at 1204 n.2 (explaining district court's discretion to stay matters when not all claims are arbitrable).  Moreover, in *Adolph v. Uber Technologies, Inc.*, the California Supreme Court provided one possible way of proceeding at this juncture, where the individual PAGA claim is sent to arbitration.  14 Cal. 5th 1104, 1123–24 (2023).

> First, the trial court may exercise its discretion to stay the non-individual claims pending the outcome of the arbitration pursuant to section 1281.4 of the Code of Civil Procedure.  Following the arbitrator's decision, any party may petition the court to confirm or vacate the arbitration award under section 1285 of the Code of Civil Procedure.  If the arbitrator determines that [the plaintiff] is an aggrieved employee in the process of adjudicating his individual PAGA claim, that determination, if confirmed and reduced to a final judgment (Code Civ. Proc., § 1287.4), would be binding on the court, and [the plaintiff] would continue to have standing to litigate his nonindividual claims.  If the arbitrator determines that [the plaintiff] is not an aggrieved employee and the court confirms that determination and reduces it to a final judgment, the court would give effect to that finding, and [the plaintiff] could no longer prosecute his non-individual claims due to lack of standing.

*Id.* (citations omitted).

Several district courts have followed the proposed procedure in *Adolph* and stayed the non-individual PAGA claim pending the resolution of the arbitration regarding the individual PAGA claim.  *See, e.g.*, *Colores v. Ray Moles Farms, Inc.*, No. 21-00467, 2023 WL 6215789, at *3 (E.D. Cal. Sept. 25, 2023) (finding "the proper course of action, as the *Adolph* decision itself indicated, will be to stay this matter until the arbitration concludes, at which time the parties can return to this Court to address any res judicata impact of the arbitrator's decision"); *Josephson v. Lamon Constr. Co., Inc.*, No. 23-00043, 2024 WL 382378, at *4 (E.D. Cal. Jan. 31, 2024); *Radcliff v. San Diego Gas & Elec. Co.*, No. 20-1555, 2023 WL 8264445, at *1 (S.D. Cal. Nov. 28, 2023); *Rubio v. Marriott Resorts Hosp. Corp.*, No. 23-00773, 2023 WL 8153535, at *4 (C.D. Cal. Oct. 17, 2023).  This court agrees and finds a continued stay will promote the interest of judicial economy and help avoid relitigation, as contemplated in *Adolph*.  *See Adolph*, 14 Cal. 5th at 1124.  For these reasons, the court **grants CompuCom's request for a continued stay of the non-individual PAGA claim**.

IT IS SO ORDERED.

DATED: March 20, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE